IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC PARR, | ) Civ. No. 06-00279 ACK-KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL RESTAURANT AND | ) |
| LOUNGE, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER MODIFYING AND ADOPTING AS MODIFIED FINDINGS AND RECOMMENDATION

Eric Parr ("Plaintiff") filed a complaint on May 18, 2006 alleging that National Restaurant and Lounge, Inc. ("Defendant") operates a cocktail lounge at 818 Sheridan Street in Honolulu, Hawaii in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and Hawaii Revised Statutes ("HRS") § 347-13.  Plaintiff originally sought injunctive relief, statutory damages as provided for in HRS § 347-13.5, and attorney's fees and costs.

To this day, Defendant has never appeared in this case. An entry of default was made against Defendant on July 7, 2006 by the Clerk of the Court.  On August 23, 2006, Plaintiff filed a Motion for Default Judgment.  Magistrate Judge Chang (the "Magistrate") held a hearing regarding the motion on September

26, 2006.  At that time, there being no opposition or objection, the Magistrate granted the Motion for Default Judgment.  On October 31, 2006, Plaintiff lodged a Findings and Recommendation ("F&R") with the Court.  The Magistrate approved and so recommended the lodged F&R on November 15, 2006.

Objections were due by November 30, 2006, and none were filed.  The Court now clarifies and modifies the F&R in three ways.

**1.   Statutory Damages**

The F&R states "Plaintiff's claim for money is small.  However it is moot because he has abandoned even that insignificant claim."  F&R at 3.  On January 11, 2007, Plaintiff's counsel submitted a supplemental declaration stating that "Plaintiff has chosen to abandon his prayer for monetary damages to eliminate the possibility he brought this suit for personal gain."  Phillips Declaration ¶ 2.  The Court notes that the record is now consistent with the statement in the F&R that Plaintiff elects to abandon his claim for statutory damages originally sought pursuant to HRS § 347-13.5.  Therefore, the Court ORDERS Plaintiff's original request for statutory damages be denied.

**2.   Permanent Injunction**

In his Complaint, Plaintiff seeks a "permanent injunction ordering the defendant's full compliance with the ADA

within ninety (90) days and its continued compliance in the future." Complaint at 2. The effect of this Order is to grant Plaintiff's request for a permanent injunction ordering Defendant's full compliance with the ADA within ninety (90) days of the issuance of this Order and its continued compliance, but only with respect to Defendant's 818 Sheridan Street establishment. The Court adopts the limitation in the F&R that this injunction does not apply to any other establishments owned or operated by Defendant, now or in the future.

**3.   Attorney's Fees and Costs**

Plaintiff seeks attorney's fees for a combined total of nine (9) hours. Plaintiff's request includes one hour for "Assuring/monitoring order is carried out." See F&R, Ex. C (Attorney's Time Log). This act is not accompanied by a date because it is to be carried out in the future. The Court declines to award attorney's fees for conduct that has not been undertaken. The Court reduces the award of attorney's fees by $286.46.[1] The revised total fees and costs to be awarded to Plaintiff is $2,687.67.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 16, 2007.

---

[1] Plaintiff's counsel's hourly rate is $275.00. The state general excise tax on the hourly fee, at 4.166%, equals $11.46. Thus, the total hourly rate, including tax, is $286.46.



_____
Alan C. Kay
Sr. United States District Judge